NUMBER
13-03-254-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF TEXAS

                         CORPUS
 CHRISTI B EDINBURG

 

JOSEPH ELDER,                                                                              Appellant,

                                                             v.

STATE OF TEXAS,                                                                            Appellee.

 

 

                     On appeal from the 319th
District Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








This is an appeal of a conviction for capital murder
by appellant, Joseph Elder.  In two issues,
appellant asserts (1) the evidence was legally insufficient to support a
conviction for capital murder, and (2) the trial court erred by admitting
evidence of Aextraneous bad acts.@  We affirm.

I. ANALYSIS

1.  Legal
Sufficiency of Evidence

In his first issue, appellant asserts that the
evidence presented was legally insufficient to sustain a conviction of capital
murder.  The basic premise of his
argument is that the evidence showed that appellant=s intent to rob was a mere afterthought to the true intent
of appellant and the other assailant, and appellant=s intent to kill - not rob - the victim was actually
the only impetus behind the act.

When an appellant challenges that the evidence was
legally insufficient to support the conviction, the appellate court has a duty
to address that issue, regardless of whether it was raised in trial.  Moff v. State, 131 S.W.3d 485, 488 (Tex. Crim. App.
2004).  The court will review the
evidence in the light most favorable to the verdict to determine if a rational
trier of fact could find each criminal element beyond a reasonable doubt.  Herrin v. State, 125 S.W.3d 436, 439 (Tex. Crim. App. 2002).








The elements of capital murder in question in this
case are (1) if appellant intentionally or knowingly caused the death of an
individual, and (2) if appellant intentionally committed the murder in the
course of committing or attempting to commit robbery.  Tex.
Pen. Code Ann. _ 19.03(a)(2) (Vernon 2003). 
Further, under the law of parties, evidence
is sufficient to convict when the defendant
is physically present at the commission of the offense and encourages its
commission by words or other agreement.  Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  For a murder to qualify as a capital murder
under section 19.03(a)(2), the intent to rob the decedent must be formulated
before or at the time of the commission of the murder.  Alvarado v. State, 912 S.W.2d 199, 207
(Tex. Crim. App. 1995).  Appellant
asserts that since both he and the other assailant, Jeffery Logan Fletcher,
originally intended only to murder the decedent, the robbery of the decedent
that took place was an afterthought, unrelated to the murder, and therefore
could not be the basis for a capital murder charge.  See generally Herrin, 125 S.W.3d at
436-39.  Appellant=s argument fails, however, because the evidence
establishes the intent to rob was formulated before the actual killing of
decedent.

Viewing the
evidence in the most favorable light to the prosecution, we see that Fletcher,
the co-assailant, testified that appellant asked the decedent if he had any
items of value.  Although this occurred
long after appellant and Fletcher initially formulated their intent to kill the
decedent, and after Fletcher=s initial
assault on decedent earlier on the night of the assault, it occurred before
appellant and Fletcher returned to the scene and delivered the death
blows.  Further, the testimony of
appellant=s former
fiancee shows that he maintained control of decedent=s property
until that night. 








A rational
juror could find without a reasonable doubt that the intent to rob was
formulated before appellant and Fletcher inflicted the fatal wounds ending the
decedent=s life.  See Herrin, 125 S.W.3d at 439.  This would mean the jury believed Fletcher=s testimony and
found the intent to rob arose prior to the murder itself.  Although appellant=s statement to
the police shows the actual robbery itself occurred after the passing of
decedent, the jury could still infer that intent to rob was formulated
before the robbery.      Finally, a
rational juror could find without a reasonable doubt that appellant either
helped commit or assisted in the murder of decedent by providing a large knife
to Fletcher, by being present at the scene of the crime, by providing him with
liquor and viewing a violent movie with him before the murder, by instructing
him on how to more efficiently hold the knife provided, by allegedly
participating in the stabbing of the decedent, by allowing him a safe harbor after
the killing, and by concealing the weapon in his apartment.  As such, the evidence presented, when viewed
in a light favorable to the verdict, is legally sufficient to uphold the jury=s
conviction.  See Herrin, 125
S.W.3d at 439.

Accordingly, we
overrule appellant=s first issue.

2.  Admission of Prior AExtraneous
Bad Acts@

In his second
issue, appellant asserts that certain witness testimony by appellant=s former
fiancee was improperly admitted character evidence, and the State should have been
prevented from utilizing this testimony under Texas Rules of Evidence 404(b)
and 403.

A trial court's
rule 404(b) ruling is reviewed under an abuse of discretion standard.  Page v. State, 137 S.W.3d 75, 78 (Tex. Crim. App.
2004).  Similarly, a rule 403 ruling is
also reviewed under this standard.  State
v. Mechler, 153 S.W.3d 435, 439 (Tex.
Crim. App. 2005).  An appellate court will not reverse a trial
court's ruling unless that ruling falls outside the zone of reasonable
disagreement.  Torres v. State, 71
S.W.3d 758, 760 (Tex.
Crim. App. 2002).








Appellant contends that certain
testimony of his former fiancee was inadmissable hearsay and submitted to the
jury for the purpose of proving conformity of character.  Appellant asserts that this Acharacter assassination@ unduly influenced the jury and was not
relevant to any issue in dispute. 
Specifically, appellant alleges that the witness made  five inflammatory and irrelevant statements:
(1) appellant mutilated and tortured a lizard; (2) he was fascinated by skulls;
(3) he was fascinated with the occult; (4) he wore a necklace with an affixed
mushroom talisman; and (5) appellant, while watching a television program, made
a comment that he would  Ahave hung them from their toes and
peeled all the flesh off their body.@ 
Appellant also alleges that the witness=s delivery of the testimony was overly emotional and
inappropriately influenced the jury.

A. 
Analysis of Rule 404(b)

Texas Rule of
Evidence 404(b) establishes that Aevidence of
other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.@  Tex.
R. Evid. 404(b).  The rule
prohibits the use of character evidence and is designed to prevent the trier of
fact from inferring that the person acted in conformity with that character
trait.  Johnston
v. State, 145 S.W.3d 215, 219 (Tex.
Crim. App. 2004).

Extraneous act
evidence, however, may be admissible if it logically proves some other
fact.  Id. 
Acceptable purposes to allow admission of such evidence include proving
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident.  Tex. R. Evid. 404(b); see Albrecht
v. State, 486 S.W.2d 97, 100-01 (Tex. Crim. App. 1972).  The threshold inquiry to admit extraneous
evidence is whether that evidence is relevant to prove a material issue or
simply to define the defendant=s
character.  See Turner v. State,
754 S.W.2d 668, 672 (Tex. Crim. App. 1988). 
Furthermore, where intent is a material issue in the case, and cannot be
inferred from the act itself, then extraneous evidence is relevant.  Morgan v. State, 692 S.W.2d 877, 880
(Tex. Crim. App. 1985).








Regardless of whether
the trial court erred in admitting the extraneous evidence, we find that the
evidence would not have led to the rendition of an improper verdict.  See Tex.
R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).  A criminal conviction
should not be overturned if, after examining the record in its entirety, the
appellate court has fair assurance the error had only slight effect and did not
influence the jury=s
decision.  Johnson, 967 S.W.2d at
417.

There are
several reasons the admission of the contested evidence was harmless. We note
that there was a limiting instruction given to the jury requiring that the
fiancee=s testimony
about appellant=s extraneous acts only be considered on
the issues of motive or intent, which greatly reduced any potentially damaging
or prejudicial effect it may have had.

Furthermore,
and most importantly, the other evidence proffered by the State at trial was,
as we have found, sufficient to support the jury=s verdict.  There was a great amount of properly admitted
evidence to provide fair assurance that the jury=s decision was
not based on any improper extraneous evidence.  Johnson, 967 S.W.2d at 417.  This includes evidence that appellant
provided a large knife to Fletcher, was present at the scene of the crime,
provided him with liquor and viewed a violent movie with him before the murder,
instructed him on how to more efficiently hold the knife provided, allowed him
a safe harbor after the killing, concealed the weapon in his apartment, and
allegedly participated in the stabbing of decedent.

Finally, the
contested extraneous evidence only carried a minor amount of weight in
comparison to the properly admitted evidence. 
The extraneous acts admitted were not criminal in nature and only
slightly deviant, while the stated properly admitted evidence is much more
probative in determining if appellant acted criminally.  The potential harm would be defused by the
properly admitted evidence.  King,
953 S.W.2d at 273.

B.  Analysis of Rule 403








Extraneous act
evidence, assuming it is logically relevant beyond establishing character
propensity, is admissible upon the trial court=s determination
that the probative value of the evidence is substantially outweighed by the
danger of unfair prejudice.  Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991) (op. on reh=g).  In other words, extraneous act evidence will
almost always require a balancing under Rule 403.  Castaldo v. State, 78 S.W.3d 345, 350
(Tex. Crim.
App. 2002).

However, Aan objection
that proffered evidence amounts to proof of an >extraneous
offense= will no longer
suffice, by itself, to invoke a ruling from the trial court whether the
evidence, assuming it has relevance apart from character conformity, is
nevertheless subject to exclusion on the ground of unfair prejudice.@  Montgomery,
810 S.W.2d at 388.  Once a rule
404(b) objection is made, a further objection based on rule 403 is specifically
required to ensure a balancing of probative weight against the prejudice it
will instill in the jury.  Id.

Appellant
failed to object on rule 403 grounds. 
The trial objections to the extraneous evidence specifically state that
relevance is the grounding for the objection. 
To preserve the right of appellate review when an appellant claims that
the trial court erred in admitting or excluding evidence, a proper and specific
objection at the time the evidence was offered or excluded must be made.  Moff, 131 S.W.3d at 489.  Thus, the issue of whether the evidence was
unfairly prejudicial is not properly before this court.  See Tex.
R. App. P. 33.1.

Finally,
appellant also alleges that the witness=s testimony was
overly emotional and only sought to unduly influence the jury.  However, appellant failed to provide a
citation to authority explaining how this applies to, or is, an extraneous act
under Texas Rule of Evidence 404(b). 
Thus, appellant has waived his right to our review of this issue.  See Tex.
R. App. P. 38.1(h).

Accordingly, we
overrule appellant=s second issue.








IV.
CONCLUSION

We affirm the
judgment of the trial court.

 

 

                                           

Rogelio
Valdez,

Chief
Justice

 

 

 

Memorandum Opinion delivered and
filed

this 14th day of July, 2005.